## HELD AT HARTFORD, FOR THE COUNTIES OF HARTFORD, WINDHAM, MIDDLESEX, AND TOLLAND,

ON THE FIRST TUESDAY OF MAY, 1880.

### Present,

PARK, C. J. CARPENTER, PARDEE, LOOMIS, AND GRANGER, JS.

---

## JAMES M. BELDEN *vs.* JONAS P. CURTIS.

Where one of two joint contractors is sued alone, he can, as a general rule, take advantage of the non-joinder only by a plea in abatement; but if the non-joinder appears upon the face of the declaration or other pleadings of the plaintiff, he can take advantage of ·it by a motion in arrest of judgment.

But in the latter case all the facts which it would have been necessary for the defendant to set up in a plea in abatement must appear upon the face of the declaration or other pleadings.

A plea in abatement for the non-joinder of a joint contractor must also allege that such joint contractor is still living, and where this fact does not already appear upon the pleadings the defendant can not take advantage of the non-joinder by a motion in arrest.

And the allegations on this point will not be aided by construction, but will be strictly construed, like those of a plea in abatement.

A declaration in a suit against *C* alleged that *W* and *C* were indebted to the plaintiff as partners, and that afterwards *W* was duly declared a bankrupt and legally discharged from all his debts, including the debt in question, and that the plaintiff had now no legal right of action against him   Whether *W* should have been made a joint defendant and left to plead his discharge *Quære.*   The court inclined to the opinion that it was not necessary and that the declaration was sufficient.

But held that, however it might otherwise be, such a writ would be good under the statute (Gen. Statutes, tit. 19, ch. 12, sec. 1,) which provides that "a discharge to one of several joint debtors, purporting to discharge him only, shall not affect the claim of the creditor against the other joint debtors, but they may be sued for the same "

And held that if the declaration was defective in not averring with more particularity the bankrupt proceedings and the facts going to show the legality of the discharge, yet the defect was wholly one of form and cured by the verdict

ASSUMPSIT for goods sold; brought to the Superior Court in Hartford County, and tried to the court on the general issue before *Beardsley, J.*

The declaration, after alleging that the plaintiff was the owner of the claim, by assignment from William A. Andrews, in whose favor it originally accrued, proceeded as follows:— That on the first day of April, 1873, the defendant and William C. Williams were partners in business under the name and firm of Williams & Curtis, and as such partners were justly indebted to William A. Andrews of said New Britain, in the sum of six hundred dollars, for goods, wares and merchandise before that time sold and delivered by the said Andrews to the said firm of Williams & Curtis. And the plaintiff further declares and says, that afterwards, to wit, on the first day of August, 1875, the said William C. Williams was duly declared a bankrupt under and in accordance with the bankrupt laws of the United States, and complied with all the requirements of the said law, and was duly and legally discharged from all his debts, and especially from the debt hereinbefore described, and that the plaintiff has now, by virtue of said discharge, no legal right of action against said Williams, and can sustain a suit for said debt against said Curtis only.

To this count were added the common counts and an allegation of a promise by the defendant, in consideration of the indebtedness stated, to pay the plaintiff the several sums mentioned upon request, with an allegation of a breach of the promise.

The court found the issue for the plaintiff, and the defendant moved in arrest of judgment, assigning the following grounds for the motion:—1st. That the declaration shows upon its face that William C. Williams was a co-promisor with the defendant, and that he should have been joined with the defendant as a co-defendant in this suit.—2d. That it does not show what court discharged said Williams.—3d. That it does not aver that any court discharged him.—4th. That it does not show that any court of competent jurisdiction discharged him.—5th. That it does not set up the facts

necessary to confer jurisdiction upon any court that may have granted said Williams a discharge.—6th. That the declaration does not recite the alleged discharge.—7th. That it does not aver that the plaintiff ever had notice, or even reason to believe, that the said Williams would plead his alleged discharge, or attempt to get any benefit therefrom, if he were joined as a defendant.

The court overruled the motion and rendered judgment for the plaintiff, and the defendant brought the record before this court by a motion in error.

*C. E. Mitchell*, for the plaintiff in error.

This is an action against one of two joint promisors, the declaration averring that the other joint promisor has been discharged in bankruptcy from his debts, including the debt in question, and further averring "that the plaintiff has now by reason of said discharge no legal right of action against said Williams, and can sustain a suit for said debt against said Curtis only." The defendant by a motion in arrest challenges the correctness of this proposition, and the question is—will an action lie against one of two joint promisors, under the circumstances which appear upon the face of the proceedings.

1. When it appears that another person still living was a joint promisor with the defendant, a motion in arrest will be allowed. 1 Swift Dig., 184; 1 Chitty Plead., 54.

2. The bankruptcy of one of the joint promisors makes no difference. *Noke* v. *Ingham*, 1 Wils., 89; *Bovill* v. *Wood*, 2 Maule & Selw., 23; *Moravia* v. *Turner*, id., 444. "When there are several contracting parties and one has been bankrupt, the action should be brought jointly against the solvent partner or partners and the bankrupt, and if the latter should have obtained his certificate, and should plead it, a *nolle prosequi* may be entered against him. 1 Chitty Plead., 63.

3. A statute has been found necessary in England to enable the solvent partner to be sued alone. 2 Chitty Plead., 271, note *n.*

4. Under our law, nothing short of a statute should be

allowed to give the plaintiff the election to omit the bankrupt as a defendant, because—1st. The right to plead the discharge is a personal privilege. *Jenks* v. *Opp*, 43 Ind., 108; *Horner* v. *Spellman*, 78 Ill., 206.—2d. If the discharge is not pleaded, the judgment is good. *Jenks* v. *Opp*, 12 Nat. Bank. Reg., 19.—3d. If the bankrupt is guilty of gross laches in obtaining leave to plead, he waives his privilege. *Medbury* v. *Swan*, 8 Nat. Bank. Reg., 537; *Cross* v. *Hobson*, 2 Caines, 102; *Valkenberg* v. *Dederick*, 1 Johns. Cas., 133; *Monroe* v. *Upton*, 50 N. York, 593.—4th. The discharge will not avail unless the plea set forth a full copy of it. *Stoll* v. *Wilson*, 14 Nat. Bank. Reg., 571.—5th. And the discharge may in some cases be avoided, at least as to the particular debt sued upon.

*S. F. Jones* and *M. R. West*, for the defendant in error.

1. All matters of form are waived after judgment, and cannot be taken advantage of by motion in arrest. Gould's Pl., ch. 10, §§ 8–10.

2. The declaration alleges that William C. Williams was a resident of New Britain, Conn., and that he was after the creation of the plaintiff's debt and before the commencement of the suit duly declared a bankrupt, under and in accordance with the bankrupt laws of the United States, and that he complied with all the requirements of the bankrupt law, and was duly and legally discharged from all his debts, and especially from the plaintiff's debt, and that the plaintiff has in consequence no legal right of action against said Williams, and can sustain a suit for the debt against the defendant only If there is any defect in this statement of the facts with regard to the discharge it is one of form only and cannot now be taken advantage of.

3. It was not necessary to make Williams a party defendant. The declaration states the facts in the case and their legal effect, and under it every right of the defendant can be protected. In *Noke* v. *Ingham*, 1 Wils., 89, one defendant pleaded his bankruptcy; the plaintiff entered a *nolle prosequi* as to him; the court say the plea of bankruptcy does not

affect the debt, and is only a personal discharge, and likens it to a joint and several contract, and makes the solvent partner liable for the whole debt; and the declaration against one on a joint and several contract would be substantially like the plaintiff's declaration in this case. This is one of the oldest decisions (1745,) and the reasoning of the court in principle sustains the plaintiff's declaration. In *Bovill* v. *Wood*, 2 M. & Sel., 23, (1813,) the plaintiff took no notice of the bankrupt; the defendant pleaded in abatement the non-joinder of the bankrupt; the plaintiff replied his bankruptcy; the court sustained the defendant's plea, but the reasoning of one of the judges would sustain a declaration like the one before the court. The case of *Moravia* v. *Hunter*, 2 M. & Sel., 444, merely confirms the decision in *Noke* v. *Ingham*. The principle for which we contend is in accordance with our own statute and with our practice. Gen. Statutes, p. 441, sec. 1. If the law of England ever required that a joint debtor who has been duly discharged from all his debts should be made party defendant, it has been changed by 3 and 4 William 4th, ch. 42, sec. 9. It is enacted that to any plea in abatement in any court of law, of the non-joinder of another person, the plaintiff may reply that such person has been discharged by bankruptcy and certificate or under an act for the relief of insolvent debtors. 2 Chitty Pl., 271, note *n*, and page 317. This statute is remedial, and prevents assigning frivolous and technical objections. The principle on which it rests should be sustained by our courts. The plaintiff's declaration is in accordance with the decision of *Camp* v. *Gifford*, 7 Hill, 169. If the defendant prevails in his objection, it is purely on technical grounds, without merit, and opposed to the spirit of our present practice. It would be of no benefit to the defendant, and would compel the plaintiff to pay a bill of costs.

4. If the bankrupt should have been joined, the non-joinder, even where it appears on the face of the declaration, could have been taken advantage of only by plea in abatement. *Hawkins* v. *Ramsbottom*, 2 Taunt., 179.

GRANGER, J. The plaintiff, as assignee of one Andrews, brought the present action of assumpsit against the defendant, Curtis, declaring "that the defendant and one William C. Williams were, on the first day of April, 1873, partners in business under the firm name of Williams & Curtis, and as such were justly indebted to the said Andrews in the sum of six hundred dollars for goods theretofore sold by him to the firm, and that afterwards, and before the present suit was brought, the said Williams was duly declared a bankrupt under and in accordance with the bankrupt laws of the United States, and complied with all the requirements of said laws, and was duly and legally discharged from all his debts, and especially from the debt hereinbefore described, and that the plaintiff has now, by reason of said discharge, no legal right of action against said Williams, and can sustain a suit for said debt against said Curtis only." The common counts are then added for goods sold to the defendant and for an indebtedness upon an account stated, each to the amount of $600, and the declaration closes with the ordinary averment of a promise of the defendant, in consideration of the indebtednesses stated, to pay the several sums mentioned when thereto requested, and his neglect, on demand made, to pay the same.

The defendant pleaded the general issue, with notice of sundry matters not affecting the questions now made, and the court, to whom the case was tried, found the issue for the plaintiff, and adjudged that he recover $634.42 damages and his costs. The defendant upon this filed a motion in arrest of judgment, on the ground of the insufficiency of the declaration, assigning specially—1. That the declaration showed upon its face that William C. Williams was a co-promisor with the defendant, and that he should therefore have been joined as a co-defendant in the suit.—2. That the declaration did not recite the alleged discharge of Williams, nor show what court, or that any court of competent jurisdiction, had granted the discharge. The court overruled this motion, and the defendant has brought the record before us by a motion in error.

There being no finding of facts in the case it is impossible for us to see from the record that the court found the issue for the plaintiff on any particular count of the declaration. It may have been upon the count for goods sold to the defendant, or upon that for an indebtedness upon an account stated between the plaintiff and defendant, in either of which cases it is very clear that the bankrupt should not have been joined as a co-defendant. The defendant, if he had desired to free the case from the embarrassment of these counts, should have required the plaintiff to prove his allegations under them, and on their not being proved should have asked that the issue upon them be found in his favor.

And even without these counts, the declaration would stand as a statement of an indebtedness originally due from the defendant and Williams as partners, and that Williams had been discharged in bankruptcy, and that in consideration of this indebtedness the defendant personally had promised to pay the sum demanded. If the court upon such a declaration had found the issue for the plaintiff, it would be a finding that the defendant actually made such a promise, and if he made it there was certainly a sufficient consideration for it. If he had given his note upon such a consideration it would hardly be contended that the note was not a valid one. It would have been easy to avoid this difficulty. There being no implied promise growing out of that state of facts the defendant should have called on the court to find the issue in his favor unless the plaintiff should prove an express promise. We can not know that the plaintiff intended to allege merely an implied promise. An express promise is alleged precisely like an implied one, and unless the fact is brought upon the record by the pleadings or the finding, the court must always treat it as if it were an express promise.

We have no doubt however, and it seems to have been taken for granted in the argument, that the promise here alleged was intended to be an implied promise only, and we shall be evading the real question between the parties unless we so consider it.

In this view the case presents to us three questions.

1  Was it necessary that Williams the bankrupt should have been made a party defendant?

2.  If it was necessary, can the question be made by a motion in arrest, the matter not having been pleaded in abatement?

3.  If it was not necessary, is not the declaration still insufficient in not reciting the discharge and alleging more fully the facts going to show the legality of the discharge?

As the first of these questions is the most important we will leave that for final consideration, disposing of the others first.

And first, as to the adequacy of a motion in arrest. While it is a general rule that a non-joinder of a defendant must be pleaded in abatement, if advantage is to be taken of it at all, yet it seems to be laid down in the books that where the necessity of making the omitted party a defendant already appears on the pleadings the defendant is not compelled to plead the non-joinder in abatement, but may raise the question for the first time by a motion in arrest. The rule on this point is perhaps nowhere better stated than by Swift in his 'Digest, Vol. I., p. 184, where, after giving the general rule that if only a part of joint contractors are sued, they must plead the matter in abatement and show that the other joint contractors not sued are living, he adds—"unless it should appear from the face of the declaration or any other pleading of the plaintiff, that another party executed the contract with the defendant, who is still living. If both these facts are admitted by the plaintiff the court will arrest the judgment, because the plaintiff himself shows that another ought to have been joined, and it would be absurd to compel the defendant to plead facts which already have been admitted." If then we are to regard the matter that would have constituted the plea in abatement if one had been filed, as already set up in the declaration, we should feel compelled to hold, in accordance with the rule, that the defendant need not aver and prove it, but could take advantage of the plaintiff's own admission, and make it the ground of a motion in arrest of judgment.

But it is very clear that, to open this door for the defend. ant, the plaintiff must have alleged, and thus admitted, all that it would have been necessary for the defendant to have alleged in an ordinary plea in abatement. The rule that allows the defendant, after having gone to trial upon the. merits, without hinting his intention to raise a question as to the necessity of making other parties defendants, and thus taking his chance for a verdict, and then, if he fails of that, falling back upon the liability of the writ to abatement—a question in its nature a preliminary one, and not regarded with favor even when formally raised by a plea in abatement— is one that the court will apply with reluctance, and will not extend beyond the strictest limits to which, without repudiating the rule, it can be confined. Applying the rule in this spirit we can not overlook the fact that the plaintiff in his declaration has not averred, and so has not admitted, that Williams the bankrupt co-debtor is still living. The nearest approach to an admission of this is in the allegation that the plaintiff "has now, by virtue of said discharge, no legal right of action against said Williams." There is here a fair implication that Williams is living, as if not living the plaintiff would not have to base his want of a legal cause of action against him upon his discharge. But we are to look at this averment, not for the purpose of finding its possible, or even its probable meaning, but for the purpose of seeing whether the admission is the full equivalent of the necessary averment and proof on such a point in a plea in abatement. Now in a plea in abatement for the non-joinder of a co-debtor it is absolutely necessary to aver in terms. that such co-debtor is still living. Such are all the forms. 2 Swift Rev. Dig., 620; 2 Chitty Pl., 449. In the absence of this admission on the part of the plaintiff the defendant could take advantage of the non-joinder only by a plea in abatement, and can not do it by a motion in arrest of judgment.

But the defendant, in the next place, claims that, even if the non-joinder could not be taken advantage of by his motion in arrest, yet that he can by that motion raise the question of the sufficiency of the declaration in other respects, and par-

ticularly in its omission to recite the discharge of the bankrupt co-debtor, and to allege more fully the facts going to show the legality of the discharge. But this is clearly mere matter of form, that is good after verdict. The declaration alleges that Williams "was duly declared a bankrupt under and in accordance with the bankrupt laws of the United States, and complied with all the requirements of said laws, and was duly and legally discharged from all his debts, and especially from the debt hereinbefore described." Surely if this form of alleging the discharge is open to criticism at all, it is at the most a defective statement of good matter and not a case of material defect.

The final and principal question in the case we are not under the necessity of deciding, since we hold that it is not properly raised, but as it has been fully argued, and is one of some practical importance, we conclude to give our views upon it.

It is undoubtedly the common law rule, recognized by all the English authorities, that where a debt was originally due from two or more persons, one of whom has been discharged in bankruptcy, the creditor suing the non-bankrupt co-debtor or co-debtors, must also make the bankrupt a defendant, and on his pleading his discharge must enter a *nolle prosequi* as to him, and proceed with his action against the others, taking judgment against them only. The reason given for the rule is that the bankrupt defendant may not choose to plead his discharge, but to let judgment go against him, in which case the judgment would be a binding one, and the non-bankrupt defendants would have the benefit of it, if compelled to pay the amount, in being able to compel him to contribute. But this reason has no foundation in good sense. It is hardly conceivable that any bankrupt who cared enough for his debts to be at the expense and trouble of going through bankruptcy, would voluntarily waive the protection of his discharge, and allow a valid judgment to be taken against him for one of his former debts. If he would do this he would probably pay the debt without a suit, or if he wished to revive the debt while not able at present to pay it, he

would give his note for it and save his creditor the expense and trouble of a suit. And as to his liability for a contribution, he would be as ready to admit that by giving his note to his co-debtors for his share, or by allowing them to take judgment against him for the amount, as he would to lay the foundation for it by allowing a judgment to be taken by the principal creditor. Taking into consideration human nature and the ordinary principles of human action, the possibility that a discharged debtor will not avail himself of his discharge is one of the slenderest foundations conceivable for a practical rule of law. The absurdity of the rule is more strikingly shown when we consider that the bankrupt defendant, on appearing and pleading his discharge, and having a *nolle prosequi* entered as against him, is entitled to his costs, ( *Camp* v. *Gifford*, 7 Hill, 169,) so that the plaintiff is at the expense and trouble of making the bankrupt a defendant and serving the process upon him, but is then compelled, when he comes into court and pleads his discharge, to pay him for his attendance and withdraw his case as to him, and take the only judgment that the law could from the first have expected him to take, against the non-bankrupt defendant or defendants alone. This, if it involved no trouble and no cost, would seem like one of those vain things that the law does not require ; but it is worse than vain in that it involves both trouble and cost. The rule that requires all this is so much against good sense and reason that the British Parliament in 1833 wiped it out by the statute of 3d and 4th William 4th, ch. 42, sec. 9. That statute provides "that to any plea in abatement in any court of law of the non-joinder of another person, the plaintiff may reply that such person has been discharged by bankruptcy and certificate, or under the act for the relief of insolvent debtors."

But we are not called upon to decide whether the common law rule, without substantial foundation in reason, ought by force of authority to be recognized and adopted in this state. If the case required us to determine this point, we think we should hold that, under our simple rules of pleading and practice, and in the prevailing disposition to discard techni-

Belden *v.* Curtis.

calities, a declaration like the one in the present case is suffi-cient, and that it is not necessary that a co-debtor who has been discharged in bankruptcy should be made a defendant with his co-contractors.

We have remarked that it is not necessary that we decide this point. A statute, passed in 1865, (Gen. Statutes, p. 441, sec. 1,) provides that "a discharge to one of several joint debtors, purporting to discharge him only, shall not effect the claim of the creditor against the other joint debtors, but they may be sued for the same, and may set off any demand which could have been set off, had such suit been brought against all the original joint debtors." Here, while the provision that the discharge of one joint debtor shall not affect the claim of the creditor against the other, does not in terms provide and perhaps does not necessarily imply that the suit against such non-discharged debtor may be brought against him alone, yet the later part of the statute, in speaking of the right of set-off being the same as if the suit had been brought against all the original debtors, clearly implies that the suit intended against the non-discharged debtors is a suit against them alone, without making the discharged debtors parties defendants; and it is perhaps a fair implication of the first clause of the statute that if the claim upon the non-dis-charged debtors is to be in no manner affected, it is not merely in full force against them as a personal debt, but as a debt against them alone, and to be sued upon and enforced as if it were in its origin and in every respect a debt against them alone. At any rate we feel clear that the statute taken as a whole may be regarded as warranting the mode of pro-ceeding adopted by the counsel for the plaintiff in this case.

There is no error in the judgment below, and it is affirmed.

In this opinion the other judges concurred.